KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cedric Jordan, | No. CV 09-2099-PHX-DGC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dayle Cook, et al., | |
| Defendants. | |

Plaintiff Cedric Jordan, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants Crane, Cook, Moriarty, and Adututu to answer the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a

**TERMPSREF**

1  separate Order requiring the appropriate government agency to collect and forward the fees
2  according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

**III.    Complaint**

Plaintiff sues Nurse Supervisor Dayle Cook, LPN Andria, Dr. James Baird, Facility Health Administrator Dennis Kendall, Health Services Coordinator Juliet Moriarty, Inmate Health Services Director Adututu, and Dr. William Crane. Plaintiff's sole ground for relief

1 is that Defendants violated his Eighth Amendment rights when they denied him prompt
2 treatment for severe pain in his hand and then denied him surgery for severe carpal tunnel
3 syndrome. Plaintiff seeks injunctive relief and money damages.

**IV.     Failure to State a Claim**

    **A.     Defendant Cook – Supervisory Claims**

Plaintiff alleges that Defendant Cook is responsible for supervising nurses assigned to the SMU I health unit and failed to ensure that her employees delivered prescribed medication and collected health needs requests from inmates. To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009).

Plaintiff's claims, as they relate to Defendant Cook's supervisory authority, fail to state a claim and will be dismissed.

    **B.     Defendant Andria**

Plaintiff claims that Defendant Andria "has failed to deliver prescribed medication to the Plaintiff on a regular basis making it very difficult for the Plaintiff's condition to improve," and has "failed to retrieve the Plaintiff's HNR's from his cell door- so the SMU 1 medical department was not notified [of] many serious medical situations for the Plaintiff."

To maintain a claim under the Eighth Amendment based on prison medical treatment, a prisoner must show deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To act with deliberate indifference, a prison official must both

know of and disregard an excessive risk to inmate health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Id. This subjective approach focuses upon the mental attitude of the defendant. Id. at 839.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). In the medical context, deliberate indifference may be shown by (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle, 429 U.S. at 104).

Medical malpractice or negligence is insufficient to establish a violation. Toguchi, 391 F.3d at 1060. Thus, mere negligence in diagnosing or treating a condition does not violate the Eighth Amendment. Toguchi, 391 F.3d at 1057. Also, an inadvertent failure to provide adequate medical care alone does not rise to the Eighth Amendment level. Jett, 429 F.3d at 1096.

Plaintiff has not alleged facts demonstrating that Defendant Andria was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff has not alleged that Defendant Andria was aware of Plaintiff's injuries and failed to act appropriately. Plaintiff has alleged facts that show, at most, that Defendant Andria may have been negligent in performing her nursing duties. Plaintiff's claims against Defendant Andria will be dismissed.

### C. Defendant Kendall

Plaintiff alleges that as a Facility Health Administrator, Defendant Kendall is "liable because the Plaintiff is not receiving adequate health care at the SMU-1 in Florence, Arizona." Plaintiff further claims that he "has made the F.H.A. Dennis Kendall aware that Doctor Crane, Doctor Baird, (CRNS1) Cook and LPN Andria are deliberate[ly] indifferent to the Plaintiff's serious medical needs – since they fail to treat the Plaintiff successfully after he has already been diagnosed with the carpal tunnel syndrome."

As with Plaintiff's earlier claims against Defendant Cook, Plaintiff claims against Defendant Kendall are based on Defendant Kendall's position as supervisor of other named

1 Defendants and therefore fail to state a claim. Plaintiff does not allege that Defendant
2 Kendall was personally involved in the denial of medical treatment for Plaintiff, was aware
3 of widespread abuses and, with deliberate indifference, failed to act, or that Defendant
4 Kendall formed policies resulting in Plaintiff's injuries. Plaintiff's claims against Defendant
5 Kendall will therefore be dismissed.

### D.    Defendant Baird

Plaintiff alleges that Defendant Baird informed him that "the Department has no money to pay for all inmates to have surgery performed on them" and then told Plaintiff that he could prescribe medication for Plaintiff's pain.

Plaintiff's claims against Defendant Baird are insufficient to state a claim because Plaintiff has not demonstrated that Defendant Baird was deliberately indifferent to his serious medical needs. Plaintiff's allegations show that Defendant Baird did not have authority to authorize surgery for Plaintiff's hand and therefore could not order the surgery. Plaintiff's allegations further demonstrate that Defendant Baird offered treatment to Plaintiff in the form of medication, indicating that Defendant Baird responded to Plaintiff's medical needs. Plaintiff claims against Defendant Baird will be dismissed.

### V.    Claims for Which an Answer Will be Required

In addition to the supervisory claims against Defendant Cook, Plaintiff asserts that Defendant Cook is responsible for scheduling medical appointments, was aware of Plaintiff's need for medical care, and failed to schedule Plaintiff for doctor's appointments on numerous occasions. Plaintiff also claims that Defendant Cook told him that "the state of Arizona should not provide medical care for people like him."

Plaintiff further alleges that Defendant Crane waited 74 days to treat Plaintiff for the severe pain in Plaintiff's hand and that the delay caused Plaintiff's pain to worsen.

With respect to Defendant Moriarty, Plaintiff claims that he submitted several inmate letters to Defendant Moriarty describing his condition and need for surgery, but that Defendant Moriarty ignored his requests.

1       Finally, Plaintiff claims that Defendant Adututu was aware of Plaintiff's need for
2   surgery and failed to approve the surgery.
3       Liberally construed, Plaintiff has stated Eighth Amendment medical claims against
4   Defendants Cook, Crane, Moriarty, and Adututu and the Court will order these Defendants
5   to answer the Complaint.

**VI.  Warnings**

**A.  Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.  Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.  Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) The supervisory claims against Defendant Cook and Defendants Andria, Kendall, and Baird are **dismissed** without prejudice.

(4) Defendants Cook (with respect to the medical appointment scheduling claims), Crane, Moriarty, and Adututu must answer the Complaint.

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Cook, Crane, Moriarty, and Adututu.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)   personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)   **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)   Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)   Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13)   This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 9th day of November, 2009.

_____
David G. Campbell
United States District Judge